UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

MICHAEL PEREZ,

     Appellant,

     v.

LAKE FALLS LLC,

     Appellee.

Case No. 2:25-CV-458-GSL

## OPINION AND ORDER

*Background*

Appellant filed a notice of bankruptcy appeal on October 1, 2025, which was entered on

October 2, 2025. [DE 1]. Appellant's Opening Brief was filed at [DE 6], Appellee responded at

[DE 7], and Appellant replied at [DE 10]. For the reasons below, Appellant's appeal is

dismissed.

*Legal Standard*

Bankruptcy Rule 8013 provides:

> On an appeal the district court or bankruptcy appellate panel may
> affirm, modify, or reverse a bankruptcy court's judgment, order, or
> decree or remand with instructions for further proceedings. Findings
> of fact shall not be set aside unless clearly erroneous, and due regard
> shall be given to the opportunity of the bankruptcy court to judge
> the credibility of the witnesses.

Fed. R. Bankr. P. 8013. This rule makes it clear that the court's review of the bankruptcy judge's

findings of fact are under the clearly erroneous standard. *United States v. Stowe*, 121 B.R. 549,

551 (1990) (citing *In re Weber*, 892 F.2d 534, 538 (7th Cir. 1989)); *In re Excalibur Automobile

Corp.*, 859 F.2d 454, 457 n.3 (7th Cir. 1988); *In re Hilligoss*, 849 F.2d 280, 282 (7th Cir. 1988);

*First Wisconsin Nat'l Bank v. Federal Land Bank*, 849 F.2d 284, 286 (7th Cir. 1988).

Under this standard, if the review account of the evidence is plausible in light of the record viewed in its entirety, a reviewing court may not reverse even if convinced that it would have weighed the evidence differently as trier of fact; the factfinder's choice between two permissible views of evidence cannot be clearly erroneous. *Stowe*, 121 B.R. at 551 (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-574, (1985)); *EEOC v. Sears, Roebuck & Co.*, 839 F.2d 302, 309 (7th Cir. 1988). A bankruptcy court's conclusions of law are reviewed de novo on appeal. *Stowe*, 121 B.R. at 551 (citing *In re Newman*, 903 F.2d 1150 (7th Cir. 1990)); *Calder v. Camp Grove State Bank*, 892 F.2d 629 (7th Cir. 1990). The bankruptcy court's conclusions do not bind the district court and are entitled only to such deference as the district court sees fit. *Stowe*, 121 B.R. at 551 (citing *In re Cricker*, 46 Bankr. 229 (N.D. Ind. 1985)); *Rushville Production Credit Ass'n v. Mohr*, 42 Bankr. 1000 (S.D. Ind. 1984); *In re Schaller*, 27 Bankr. 959 (W.D. Wis. 1982).

*Discussion*

First and foremost, Appellant paid the $5.00 filing fee, but has not paid the remaining balance of $293.00. [DE 3]. The failure to pay this fee is sufficient grounds for dismissal of this appeal. *Triplett v. Gouveia*, 2021 U.S. Dist. LEXIS 15288, at *2 n.1 (N.D. Ind. Jan. 27, 2021). Notwithstanding, Appellant's appeal has no merit.

In Appellant's Opening Brief, he lays out a litany of grievances in his "Statement of Issues Presented:"

1. Whether the Bankruptcy Court erred by granting stay relief based on a tax-deed petition filed on September 29, 2023, during the automatic stay, and therefore void ab initio under § 362.

2. Whether the Court erred by failing to require Lake Fails LLC to file a new, valid tax-deed petition after stay relief, as required by IC 6-1.1-25-4.6, leaving Appellee with no standing.

3. Whether state-court actions taken after November 2, 2023, when Appellee had actual knowledge of the bankruptcy, were void as stay violations.

4. Whether stay relief was granted based on a "loss-payee certificate" requirement that Appellant allegedly defaulted on before the deadline had passed.

5. Whether state-court due-process violations—including closure of discovery, uncertified summary-judgment evidence, judicial notice abuse, and docket manipulation—tainted the basis for stay relief.

6. Whether the Bankruptcy Court's conduct—including refusal to consider filings, discouraging Appellant from speaking, hostility, and mishandling of motions—violated due process.

7. Whether, in totality, the Bankruptcy Court abused its discretion.

[DE 6, Pages 3-4]. However, the Court cannot rule on two of these issues.

The Bankruptcy Rules provide that notice of appeal must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered. Fed. R. Bankr. P. 8002. Appellant filed a notice of bankruptcy appeal on October 1, 2025, which was entered on October 2, 2025. [DE 1]. Therefore, this Court may only review issues identified by Appellee which were ordered from September 17, 2025 through October 1, 2025.

Appellant does not identify when the due process violations discussed in issue No. 5 occurred in state court. Nor does Appellant describe when, or in which orders, the Bankruptcy Court refused to consider his filings, discouraged him from speaking, acted with hostility, or mishandled his motions. Therefore, this Court also cannot consider issue No. 6. The same is true of issue No. 7 – this Court may consider whether the Bankruptcy Court abused its discretion in the orders it issued between September 17, 2025 and October 1, 2025, but no other time period.

Issue No. 1 is "[w]hether the Bankruptcy Court erred by granting stay relief based on a tax-deed petition filed on September 29, 2023, during the automatic stay, and therefore void ab

initio under § 362." The Bankruptcy Court granted the stay relief on September 18, 2025.

Appellant asks this Court to review whether that was in error. Appellee responds that the stay

relief was not granted in error, because it was due to Appellant's own failure to provide adequate

casualty insurance for the Appellee's secured claim in the property at issue in this matter. [DE 7,

Page 6].

Appellee filed their Motion for Relief from Automatic Stay and Abandonment of Real

Estate in the underlying bankruptcy matter at [DE 64]. There, Appellee argued that a "… court

shall grant relief from the stay provided under subsection (a) of this section, such as by

terminating, annulling, modifying, or conditioning such stay (1) for cause, including the lack of

adequate protection of an interest in property of such party in interest. 11 U.S.C. 362(d)(1)." [DE

64, Page 2]. A review of 11 U.S.C. 362(d)(1) indicates that Appellee is correct and relief from a

stay may be granted when there is lack of adequate protection of such an interest in property. *See*

11 U.S.C. 362(d)(1). Furthermore, Appellee argues that Appellant was ordered multiple times to

provide such protection of the property, citing [DE 91-94, 100-103, 118-125, 130-132, 138, 143-

145]. [DE 7, Page 6].

Appellant responds by arguing that a tax deed filed in state court during the automatic

stay issued in federal court is void, and cites one case in support: *Kalb v. Feuertsein*, 308 U.S.

433, 438-40 (1940). However, *Kalb* is not on point because it is a case analyzing and applying

the Frazier-Lemke Act. *Kalb*, 308 U.S. at 440.

> The Frazier-Lemke Act amended the post-Depression bankruptcy
> laws to permit farmers who defaulted on their mortgages to defeat
> actions to foreclose on their farms and remain in possession during
> a five-year foreclosure moratorium. The Act required the farmer to
> pay rent into court for the benefit of both secured and unsecured
> creditors and allowed the farmer to redeem his farm for its appraised
> value (rather than for the outstanding mortgage indebtedness) at any

> time during the five-year period. Pub. L. No. 486, ch. 869, 48 Stat.
> 1289 (1934); Radford, 295 U.S. at 575-576.

*In re Gifford*, 688 F.2d 447, 452 (1982). Here, the property at stake is not farmland, nor is Appellant a farmer who defaulted on a mortgage.

Appellant provides no other explanation for why a federal court stay would implicate the state court docket, which would have made Appellee's tax deed void because they filed it in the state court proceeding during the federal court stay. Further, it appears that the bankruptcy court appropriately applied 11 U.S.C. 362(d)(1) after giving Appellant both ample notice and time to acquire the requisite property protection. For these reasons, Appellant's appeal of issue No. 1 fails.

Moving to issue No. 2, Appellant asks this Court to review whether the Court erred by failing to require Lake Falls LLC to file a new, valid tax-deed petition after stay relief, as required by IC 6-1.1-25-4.6, leaving Appellee with no standing. [DE 6, Pages 3-4]. Appellant alleges that the bankruptcy court committed error by accepting the tax deed filed in state court during the federal court's stay. [DE 10, Page 4]. However, as the Court discussed above, the tax deed filed in state court during the federal court stay was *not* void. Therefore, this argument fails.

Regarding issue No. 3, whether the state court actions taken after November 2, 2023 were void due to the alleged stay, this appeal also fails for the same reasons as issues No. 1 and No. 2: the federal court stay did not impact the state court proceedings, so the actions taken after in state court after the federal court stay was issue remain valid.

Reviewing issue No. 4, Appellant asks this Court to review whether the stay relief was granted based on a "loss-payee certificate" requirement that Appellant allegedly defaulted on before the deadline had passed. [DE 6, Pages 3-4]. Appellant concedes that there was an order requiring Appellant to serve and file the "loss-payee certificate" on or before October 17, 2024,

but argues that because Appellee filed its Motion for Immediate Relief from Stay on that basis before the end of the day on October 17, 2024, Appellee claimed a breach occurred before the deadline in-fact expired. [DE 10, Page 6]. The Court is unpersuaded by this argument. The fact stands that Appellant did not file the required "loss-payee certificate" within the deadline of October 17, 2024; Appellee filing their Motion for Immediate Relief from Stay before the end of the day on October 17, 2024 is irrelevant.

Finally, as for issue No. 7, based on its analysis of the other issues appealed by Appellant, the Court does not find that Bankruptcy Court abused its discretion.

*Conclusion*

For the foregoing reasons, this appeal is DISMISSED. The Clerk is DIRECTED to close the case.

SO ORDERED.

ENTERED: July 14, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court

6